In the Matter of Paul C. RAVER, Sr.

No. 02S00–8608–DI–719.

Supreme Court of Indiana.

April 29, 1987.

Samuel A. Fuller, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, William G. Hussmann, Jr., Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and Paul C. Raver, Sr., the Respondent herein, have submitted for this Court's approval a Statement of Circumstances and a Conditional Agreement for Discipline. The Respondent has also submitted his affidavit as required pursuant to A.D. 23, Section 17(a).

Upon review of the submitted matters, we find that the Respondent has been charged under a Verified Complaint with several violations of the *Code of Professional Responsibility for Attorneys at Law*. We find further, as the parties have agreed, that, between October 10, 1982, and January 31, 1984, the Respondent rep-

resented Dale E. Payne in various legal matters. In such capacity, the Respondent prepared documents relating to the formation of The Bar, Inc., an Indiana corporation, of which Dale E. Payne became president. The Respondent also acted as counsel for The Bar, Inc. from the date of its formation until January 31, 1984. As such, he participated in the purchase by The Bar, Inc., of a tavern in Fort Wayne, Indiana. The purchase agreement was executed on January 8, 1983, by John Moss, President of the Moss Corporation, and by Dale E. Payne, as President of The Bar, Inc.

Also during 1983, the Respondent made two loans to Payne, one for six hundred dollars ($600) evidenced by a promissory note signed by Payne and one for two thousand dollars ($2,000) evidenced by a promissory note signed by Payne as President of The Bar, Inc.

The Bar, Inc., business venture was unsuccessful, and, on January 20, 1984, John R. Moss filed a law suit against The Bar, Inc. The Respondent conferred with and advised Payne as to the complaint but, on January 31, 1984, refused to represent Payne and The Bar, Inc. and withdrew in all matters. Thereafter, the Respondent filed suit against Payne on the promissory notes and for legal fees due from Payne and The Bar, Inc. The Respondent's law firm also undertook to represent several other creditors with law suits filed against Payne, and, on July 25, 1984, initiated involuntary bankruptcy proceedings against Payne in which the law firm and other creditors represented by the Respondent were listed as creditors.

The parties agree, and we conclude, that Respondent's conduct, as set out above, constitutes a violation of Disciplinary Rule 5–105(A) and (D) of the *Code* in that the Respondent and his firm failed to decline employment when their professional judgment would be adversely affected. The parties have failed to come to an agreement as to any other violations charged in the Verified Complaint, but they have submitted to this Court an agreed sanction which they deem appropriate under the agreed circumstances.

Upon review of the forgoing findings based on the parties agreement, we find that the agreed discipline, a public reprimand, is appropriate in this instance.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional Agreement for Discipline tendered by the parties is hereby approved, and, accordingly, the Respondent, Paul C. Raver, Sr., is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.